IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| IN RE AYLO DATA BREACH LITIGATION | § § § § § § § § | 1:25-CV-2069-RP |

## **ORDER**

Before the Court is Plaintiffs' Motion to Proceed Pseudonymously. (Dkt. 25). The Court previously granted Plaintiffs' Amended Unopposed Motion to Proceed Under Pseudonyms and for Limited Protective Order to Align Public Redactions with Bankruptcy Court Sealing Orders, (Dkt. 20), before Plaintiffs filed their Consolidated Class Action Complaint, (Dkt. 24). (Order, Dkt. 16). After considering this motion, the supporting evidence, and the relevant law, the Court finds that Plaintiffs' motion should be granted.

Plaintiffs seek an order to allow them to proceed pseudonymously in this action. (Mot., Dkt. 25, at 4). Plaintiffs filed this motion on March 30, 2026, and Defendants have not responded. As such, the Court considers the motion unopposed. *See* W.D. Tex. Local R. CV-7(d)(2).

## **II. LEGAL STANDARD**

A plaintiff in a civil action may proceed under a pseudonym under exceptional circumstances. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). As a general rule, plaintiffs must disclose their names in the complaint commencing a civil action. *Id.* (citing Fed. R. Civ. P. 10(a)). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Stegall*, 653 F.2d at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for

1

maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.*

### III. DISCUSSION

The Court agrees with Plaintiffs that measures are warranted to protect their identities throughout this litigation. As noted above, the Court considers Plaintiffs' request unopposed, and the Court finds that Plaintiffs' request is reasonable for the justifications Plaintiffs cited, including that "courts in this Circuit and around the country have found a party's right to privacy sufficient to allow pseudonymous proceeding in similar cases revolving around a litigant's sexuality and sexual conduct." (Mot., Dkt. 25, at 2–3) (citing cases)).

The Court finds there is a low risk of prejudice to Defendant of allowing Plaintiffs to proceed anonymously because Plaintiffs will privately disclose their identities to Defendants through their counsel. (*Id.* at 3) In addition, the public interest in the openness of the judicial process is not threatened where, as here, the basic facts of the case will be on public record and there is nothing about Plaintiffs' identities which are critical to the public's understanding of this case. Accordingly, there is good cause to allow Plaintiffs to proceed under pseudonyms in pretrial filings in this action.

The Court only resolves the issue of Plaintiffs proceeding anonymously in pretrial filings. If Plaintiffs later seek to proceed pseudonymously at a hearing in front of the Court or at trial, the Court will address that issue when necessary.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Proceed Pseudonymously, (Dkt. 25), is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs may proceed under pseudonyms (Jane Doe, John Doe, and Janet Doe) in all public filings before trial, and that the

parties shall refer to Plaintiffs by pseudonyms in public submissions unless otherwise ordered. **IT IS FINALLY ORDERED** that Plaintiffs shall serve on Defendants' counsel a Schedule A listing Plaintiffs' full legal names and personal contact information, and Plaintiffs shall file that Schedule A under seal, consistent with Federal Rule of Civil Procedure 5.2.

**SIGNED** on April 21, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE